HOWARD W. DODGE, and another, *vs.* ALPHEUS HUNTER.

Kennebec.   Opinion November 15, 1892.

*Writ.   Change of return term.   Waiver.   R. S., c. 77, §§ 68, 69; c. 82, § 82.*

Where a writ was dated December 19, 1890, made returnable at the June term of the Superior Court, instead of at " one of the next two terms after date," and real estate was attached thereon; and in February following, before personal service upon the defendant, the erroneous return day was changed to the April term, a new attachment made and final service completed; and it was entered at the April term, when the defendant appeared generally, and at the June term pleaded the general issue, filed an offer to be defaulted on the count on the account annexed and a brief statement of statute of limitations on the count on the promissory note; *Held*, that the omission to seasonably raise the technical objection was a waiver of it.

ON EXCEPTIONS.

This was an action of assumpsit on account annexed and a promissory note.   The case was tried in the Superior Court for Kennebec County.

This case was withdrawn from the jury and submitted to the presiding justice upon the following agreed statement of fact : A default is entered on the account annexed to the writ.

The note in suit would have been barred by the statute of limitations, December 20, 1890. The writ was made and dated December 19, 1890, and originally returnable at the June term, 1891 ; an attachment of real estate was made and returned in December, 1890. After said attachment and before service on the defendant, about February 7, 1891, the return day was changed to the April Term, 1891, and a new attachment of real estate made. Service was made on the defendant March 24, 1891. At the return term the defendant answered generally by counsel and filed no plea. On the twelfth day of the following term (June), the defendant pleaded the general issue with special plea of the statute of limitations, the pleadings to be considered as if seasonably filed.

On this statement of fact, the case was submitted to the presiding justice with right of exception.

Upon the foregoing the presiding justice made ruling : Action maintainable. Default to include amount of note declared on.

To this ruling the defendant excepted.

*F. J. Martin*, for plaintiffs.
*George G. Weeks*, for defendant.

VIRGIN, J. An action on the note in suit would be barred on December 20, 1890, unless commenced prior to that date.

The writ was made and dated on December 19, 1890, and real estate attached, but no personal service on the defendant made.

The writ was made returnable at the June term, 1891, instead of at " one of the next two terms" after date, viz., February or April, as required by R. S., c. 77, § § 68, and 69. *Blake* v. *Wing*, 77 Maine, 170.

On or about February 7, before personal service on the defendant, the plaintiff's attorney, on discovering the erroneous return day, changed it to the April term ; and thereupon a new attachment was made and final service subsequently completed.

The action was entered at the April term when the defendant appeared generally by attorney. On the twelfth day of the June term, the defendant pleaded the general issue, filed an offer to be defaulted on the first count (account annexed) and a brief statement of the statute of limitations to the count on the note.

The court below held that the judgment should include the amount due on the note.

The defendant now renews his contention that the date of the writ should be changed to February 7, 1891, when the return day was changed and the new attachment made. Such is not our view.

The time of actually making a writ with an intention of service is the time when an "action is commenced" within the meaning of the statute of limitations. R. S., c. 82, § 82. *Johnson* v. *Farwell*, 7 Maine, 370. There can be no doubt that when this writ was made and dated on December 19, 1890, it was with the intention of service and for the purpose of preventing the intervention of the limitation bar. The new attachment did not necessitate a change of date of the writ, for more than one attachment of real or personal property may be made on it any time before personal service on the defendant. It could not be said to have performed its office until service is completed; for until then the defendant does not become a party and no action is really pending. *Clendenven* v. *Allen*, 4 N. H. 386; *Bray* v. *Libby*, 71 Maine, 276, 279.

Neither did a change of return day necessitate a change of date of the writ; for the new return day was a legal one and in full compliance with the statute. If the same statute governed the Superior Court as does this, and the writ had been made returnable at the next term after reasonable time for service, but failed of service and the return day was changed and then served, the date of the writ would then have been erroneous; and the writ on its face would have shown that it was returnable after an intervening term at which it should have been returnable and hence would have been abatable. *McAlpine* v. *Smith*, 68 Maine, 423.

But in the case at bar no such error appears. The date was

right. The return day was erroneous, and changed to the proper one, was entered at the proper time, was answered to generally and at the subsequent term the general issue was pleaded.

In the absence of any suggestion of intended wrong, or of any injury to the defendant save that his promissory note will not be barred, we think by his omission to make the technical objection at the time prescribed by the rule governing such matters, he must be considered as having waived the technicality which he now indirectly sets up. In fact the point is *res judicata*. *Pattee* v. *Low*, 35 Maine, 121, is on all fours with this case. See also *Bray* v. *Libby*, 71 Maine, 276, 280.

*Exceptions overruled.*

PETERS, C. J., WALTON, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.